UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHRISTOPHER ANTHONY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-00053-JRG-CRW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on Petitioner Christopher Anthony Williams' Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] and the United States' Response in Opposition [Doc. 2]. For the reasons herein, the Court will deny Mr. Williams' motion.

### I. BACKGROUND

In 2017, Mr. Williams pleaded guilty to conspiring to distribute and to possess with the intent to distribute a mixture or substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. [Plea Agreement, Doc. 15, at 1, No. 2:17-CR-00023-JRG; Minute Entry, Doc. 16, No. 2:17-CR-00023-JRG]. In the plea agreement, Mr. Williams agreed to a waiver provision, in which he waived his right to collaterally attack his sentence under 28 U.S.C. § 2255, with the exception that he could pursue claims for prosecutorial misconduct and ineffective assistance of counsel. [Plea Agreement at 8].

At sentencing, the Court deemed Mr. Williams, based on prior convictions in Tennessee, to be a career offender under the Sentencing Guidelines, specifically under USSG § 4B1.1.[1] *See*

---

[1] USSG § 4B1.1 increases a defendants offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of

[PSR, Doc. 20, ¶ 25, No. 2:17-CR-00023-JRG (applying the career-offender enhancement under USSG § 4B1.1); Statement of Reasons, Doc. 29, at 1, No. 2:17-CR-00023-JRG (adopting the presentence investigation report without change)]. His guidelines range was 188 months to 235 months' imprisonment, but the Court varied downward and sentenced him to 120 months after weighing 18 U.S.C. § 3553(a)'s factors. [Statement of Reasons at 3; J., Doc. 28, at 2, No. 2:17-CR-00023-JRG]. In varying downward, the Court noted that Mr. Williams' offense involved a small quantity of cocaine base, and so did the prior convictions that served as predicate offenses for his career-offender status. [Statement of Reasons at 3].

Now, Mr. Williams moves the Court to vacate, set aside, or correct his sentence under § 2255. He argues that his counsel was ineffective, in violation of his constitutional rights, and that the Court's application of § 4B1.1 to his sentence was error. The United States opposes Mr. Williams' motion. Having carefully reviewed and considered Mr. Williams' claims and the parties' arguments, the Court is now prepared to rule on them.

II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of

---

violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

2

a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing she is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to doc.no relief," she will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher.

*United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III. ANALYSIS

Mr. Williams contends that his counsel was ineffective because he allowed him to enter into a plea agreement that contained a waiver of his appellate rights. [Pet'r's Mot. at 5, 15]. According to Mr. Williams, "[p]lea waivers are not to be enforced" and "are clearly a violation of [his] constitutional rights." [*Id.* at 15]. In response, the United States argues that case law has long established that a criminal defendant may waive any right in a plea agreement, including a constitutional right. [United States' Resp. at 4].

Mr. Williams also argues that the Court's application of § 4B1.1 was "improper" because one of his drug-related convictions in Tennessee dates back to 1993. [Pet'r's Mot. at 6]. In his view, the "[statute] of limitations . . . ran out on the violation issue" and his career-offender status under § 4B1.1 "should be rendered void." [*Id.* at 16]. In response, the United States asserts that the waiver provision in Mr. Williams' plea agreement prohibits his claim, and in the alternative,

it maintains that "challenges to advisory Guidelines range calculations are not cognizable on collateral review." [United States' Resp. at 5].

### A. Ineffective Assistance of Counsel

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a prisoner contests his sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish deficient performance, a petitioner must show that his counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687. And to establish prejudice, a petitioner must demonstrate that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process. *Id.*

A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either of the prongs of this test, his claim of ineffective assistance of counsel fails. *Id.* at 697. In other words, even if a particular aspect of counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Id.* at 691 (citation omitted). In short, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so 'thoroughly ineffective that defeat was 'snatched

from the jaws of victory.'" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)).

Mr. Williams' claim—i.e., that his counsel was ineffective because he allowed him to enter into a plea agreement that contained a waiver of his appellate rights—falls well short of establishing deficient performance on his counsel's part. "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement," *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (quotation omitted), if he enters into the waiver provision knowingly and voluntarily, *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001). Mr. Williams does not allege, let alone attempt to show, that he entered into his plea agreement unknowingly and involuntarily. Instead, he asserts that waiver provisions are, as a matter of law, categorically unconstitutional, but that assertion is simply untrue. *Davila*, 258 F.3d at 451. Besides, even if he had succeeded in demonstrating that his counsel's performance was deficient, he makes no appreciable argument, or allegation, that he has suffered any kind of prejudice. Mr. Williams therefore fails to meet his burden of demonstrating that he suffered an error of constitutional magnitude entitling him to the extraordinary remedy of § 2255 relief.

### B. The Enhancement under USSG § 4B1.1

The United States correctly argues that the waiver provision in the plea agreement—in which Mr. Williams agreed not to file a § 2255 motion except to pursue claims of prosecutorial misconduct or ineffective assistance of counsel—bars his claim that the Court wrongly applied

6

§ 4B1.1 at sentencing. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." (citations omitted)). But even if the waiver provision did not bar his claim, it nonetheless fails on the merits.

"[A]n error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 unless there is a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citation omitted). To meet this "demanding standard," Mr. Williams must "prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quotation omitted); *see Grant*, 72 F.3d at 506 (stating that an error does not rise to a complete miscarriage of justice unless it is "positively outrageous"). Mr. Williams, however, does not allege—let alone attempt to show—either one.

If anything, the fact that the Court varied downward and sentenced Mr. Williams to a term of imprisonment that was well below his guidelines range speaks to the reasonableness of his sentence, not to an error of outrageous proportions. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Courts have generally declined to collaterally review sentences that fall within the statutory maximum." (citations omitted)); *see also United States v. Moody*, 433 F. App'x 785, 787 (11th Cir. 2011) ("The reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence." (citing *United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008))), *cert. denied,* 557 U.S. 928 (2009); *United States v. Foreman*, 401 F. App'x 102, 104 (6th Cir. 2010) ("The sentence [the defendant] received was below the statutory maximum and was adequately supported by § 3553(a) factors. The

7

sentence was substantively reasonable." (citing *United States v. Kontrol,* 554 F.3d 1089, 1093 (6th Cir. 2009))).

Indeed, the United States acknowledges that the variance was "significant[]," [United States' Resp. at 2], and in sentencing Mr. Williams to a term that was sixty-eight months below the bottom of his guidelines range, the Court effectively did then what Mr. Williams is asking it to do now: render void his prior convictions. In sum, Mr. Williams does not even come close to showing, under the narrow limits of collateral review, that this case constitutes one of "[t]hose rare instances" in which a non-constitutional error occurred "in a context that is so positively outrageous as to indicate a 'complete miscarriage of justice.'" *Grant*, 72 F.3d at 506. He is therefore not entitled to relief under § 2255.

### C. Certificate of Appealability

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Williams to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claim on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered the merits of Mr. Williams' claims, the Court does not conclude that reasonable jurists would find that its rejection of his claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Williams.

## IV. CONCLUSION

As the petitioner under § 2255, Mr. Williams fails to satisfy his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion to Vacate, Set Aside or Correct His Sentence [Doc. 1] is therefore **DENIED**, and this case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

                                            s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE